**Leo Parnell CLAIRMONT, Petitioner and Appellant,**

v.

**Walter R. HJELLE, as State Highway Commissioner for the State of North Dakota, Respondent and Appellee.**

**Civ. No. 9112.**

Supreme Court of North Dakota.

Oct. 6, 1975.

**14**

E. J. Rose, Bismarck, for petitioner and appellant.

Norbert H. Lange, Special Asst. Atty. Gen., Highway Department, Bismarck, for respondent and appellee.

VOGEL, Judge.

■ This is an appeal from a judgment of the district court of Burleigh County affirming the revocation of the driver's license of the appellant, following an administrative hearing held pursuant to Chapter 39–20, N.D.C.C., relating to implied consent to the taking of chemical tests on body fluids or breath to determine whether drivers are under the influence of intoxicating liquor.

In cases such as this, where an administrative hearing has been held and there has been an appeal to the district court, our review is limited to a determination of whether there is substantial evidence to support the conclusion of the administrative agency. *Borman v. Tschida*, 171 N.W.2d 757 (N.D.1969); *George E. Haggart, Inc. v. North Dakota Workmen's Compensation Bureau*, 171 N.W.2d 104 (N.D.1969).

The appellant raises two questions. The first is whether the arresting officer had "... reasonable grounds to believe the person had been driving or was in actual physical control of a vehicle upon the public highways while under the influence of intoxicating liquor; ... ." Sec. 39–20–05, N.D.C.C. The second is whether the appellant "refused" to take a blood test as directed by the arresting officer.

I

■ The arresting officer testified that he followed the appellant's vehicle for several miles and saw it change lanes and speed several times without apparent reason. He stopped the vehicle which was driven by the appellant and asked him for his driver's license, which the appellant had some difficulty in producing. When he stepped from the vehicle he fell against the officer, who thereupon arrested him. The officer smelled the odor of alcohol on the appellant's breath and observed that his eyes were bloodshot.

The appellant attempted to explain his actions by testifying that he had been working long hours on a construction job for 24 days and was extremely tired.

Based on this evidence, we find that the officer had ample grounds for arresting the appellant for driving while under the influence of intoxicating liquor, and that a valid arrest was made.

■ The fact that the appellant was subsequently acquitted of the charge of driving while under the influence of intoxicating liquor does not alter the fact that the officer had grounds for making the arrest. Sec. 29–06–15, subsec. 6, N.D.C.C.; *Smestad v. Ellingson*, 191 N.W.2d 799 (N.D.1971); *People v. Burgess*, 170 Cal.App.2d 36, 338 P.2d 524 (1959).

II

The appellant, after being advised of his rights under the *Miranda* rule and of the provisions of the implied-consent law, agreed to submit to a blood test pursuant to Chapter 39–20, N.D.C.C. The officer conducted him to a local hospital. While the nurse was preparing to draw the blood, the appellant changed his mind because of an aversion to needles and refused to submit to a blood test, but offered to submit to a Breathalyzer test. The officer refused to administer a Breathalyzer test (because of an erroneous belief that the result would be inadmissible), and subsequently certified that the appellant had refused to submit to a test under Chapter 39–20, N.D.C.C. Administrative action to revoke his license followed.

From these facts the appellant urges that he did not refuse to submit to a test for intoxication and therefore argues that the revocation was unauthorized.

■ However, Section 39–20–01, N.D.C.C., after describing the kinds of chemical tests permitted by law (blood, breath, saliva, or urine) concludes with this sentence: "The arresting officer shall determine which of the aforesaid tests shall be used." The purpose of the statute no doubt is to permit the use of whichever test is readily

available at the time (often late at night) and place (often in rural areas) where the arrest is made.

In this case, the arresting officer determined to administer a blood test, and the appellant originally agreed to submit to it, but later changed his mind. We hold that the appellant refused to submit to an authorized test and thereby made himself subject to the administrative proceedings which followed.

### III

Appellant argues that a recent decision in *Lund v. Hjelle*, 224 N.W.2d 552 (N.D.1974), indicates that he had a right to change his mind. *Lund v. Hjelle* is a case where an accused person at first refused, and then agreed, to take a blood test. The officer felt that one refusal ended the matter and that a subsequent agreement to take the test did not change the fact of refusal. We held that

".  .  . where, as here, one who is arrested for driving while under the influence of intoxicating liquor first refuses to submit to a chemical test to determine the alcoholic content of his blood and later changes his mind and requests a chemical blood test, the subsequent consent to take the test cures the prior first refusal when the request to take the test is made within a reasonable time after the prior first refusal; when such a test administered upon the subsequent consent would still be accurate; when testing equipment or facilities are still readily available; when honoring a request for a test, following a prior first refusal, will result in no substantial inconvenience or expense to the police; and when the individual requesting the test has been in police custody and under observation for the whole time since his arrest." 224 N.W.2d 552, at 557.

We believe there is a substantial difference between an earlier refusal followed by an agreement to take the test, as in *Lund*, and a consent to take the test followed by a refusal, as here. In the one case the test can be made, though slightly delayed; in the other, it cannot be made at all.

Even though the officer was in error in his belief that our prior decisions [perhaps referring to *State v. Ghylin*, 222 N.W.2d 864 (N.D.1974)] had made Breathalyzer tests inadmissible, he still had the right to specify use of one certain kind of authorized test, and the appellant's refusal to submit to it made him subject to the penalties prescribed in Section 39–20–04, N.D.C.C.

The judgment of the district court is affirmed.

ERICKSTAD, C. J., and PAULSON and SANDS, JJ., and CLIFFORD JANSONIUS, Supreme Court Commissioner, concur.

VERNON R. PEDERSON, Associate Justice, deeming himself disqualified did not sit in this case; CLIFFORD JANSONIUS, Supreme Court Commissioner, sitting in his place.