1998 ND 220

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**David HAFNER, Defendant and Appellant.**

**Criminal No. 980120**

Supreme Court of North Dakota.

Dec. 22, 1998.

---

Loren McCray, of Alexander and Solem Law Office, Beulah, ND, for defendant and appellant.

Larry W. Quast (on brief), State's Attorney, Stanton, ND, for plaintiff and appellee.

MARING, Justice.

[¶ 1] David James Hafner appealed from a judgment convicting him of maintaining a public nuisance in violation of N.D.C.C. § 42–01–15. We conclude the jury instructions were consistent with the applicable law and the trial court did not err in denying Hafner's motion for acquittal. We therefore affirm.

### I.

[¶ 2] Hafner was a self-employed farmer. He began farming in 1970, about fifteen miles north of Beulah, directly off Highway 1806. His farming operation consisted of small grains, hay, hogs, and cows. Hafner owned approximately two hundred hogs between April 9, 1997, and September 25, 1997. During this time period, he had problems with hogs getting out of their pen.

[¶ 3] The Mercer County Dispatch received reports of cows and hogs outside of Hafner's fenced property on twenty different occasions from April 9, 1997, through September 25, 1997. On September 23, 1997, Officer Leonard Tesky investigated an accident on Highway 1806, involving one of Hafner's hogs and a 1981 Dodge truck belonging to Todd Stevens. Stevens was traveling at approximately fifty-five miles per hour, when he saw hogs on the highway. He attempted to brake, but was unable to avoid hitting one of the hogs. The hog was killed and Stevens' truck had estimated damages of $900.00, although actual damage estimates presented to the trial court were approximately $1,500.00.

[¶ 4] As a result of these reports, on September 25, 1997, a criminal complaint was filed in Mercer County charging Hafner with violating N.D.C.C. § 42–01–01(3), a class A misdemeanor. The complaint alleged Hafner "did then and there unlawfully interfere with, obstruct or tend to obstruct or render dangerous for passage any highway, in that [he] allowed livestock to run outside his fence and on the highway, nearly being struck by motor vehicles." On April 8, 1998, Hafner was tried by a six-person jury for maintaining a public nuisance. He was found guilty and judgment was entered on that date.

[¶ 5] Hafner was sentenced to: (1) serve thirty days in the Mercer County Jail with thirty days suspended; (2) pay restitution fees in the amount of $1,526.00; (3) pay a victim-witness fee in the amount of $25.00; (4) pay a fine in the amount of $1,000.00; and (5) pay a court administration fee in the amount of $50.00.

[¶ 6] On April 17, 1998, Hafner appealed the judgment and moved to stay his sentence pending review under N.D.R.Crim.P. 38. The trial court granted the motion.

[¶ 7] On appeal Hafner argues: (1) N.D.C.C. § 42–01–15 requires "the alleged conduct cannot be punishable under another statute," and his conduct was punishable under N.D.C.C. § 36–11–01; (2) the trial court erred by failing to instruct the jury that an element of the offense of maintaining a public nuisance was the alleged conduct cannot be punishable under another statute; (3) the trial court erred by denying Hafner's motion for acquittal; and (4) the trial court erred by failing to give the requested jury instruction regarding the "agricultural operation defense."

### II.

[¶ 8] The trial court in this case instructed the jury "[e]very person who maintains or commits any public nuisance, the punishment for which is not otherwise prescribed, or who willfully omits to perform any legal duty relating to the removal of a public nuisance, is guilty of an offense." [1] The court also instructed:

> The prosecution satisfies its burden of proof only if the evidence shows beyond a reasonable doubt the following essential elements of the offense charged:
> 1. Between the 9th day of April, 1997 and the 25th day of September, 1997, in Mercer County, North Dakota;
> 2. The Defendant, David Hafner;
> 3. Willfully;

---

1. Under N.D.C.C. § 42–01–15 (emphasis added), "[e]very person who maintains or commits any public nuisance, *the punishment for which is not otherwise prescribed,* or who willfully omits to

perform any legal duty relating to the removal of a public nuisance, is guilty of a class A misdemeanor."

4. Maintained or committed a public nuisance.

North Dakota Century Code § 42–01–01 defines a nuisance as follows:

A nuisance consists in unlawfully doing an act or omitting to perform a duty, which act or omission:

. . . . .

3. [u]nlawfully interferes with, obstructs or tends to obstruct, or renders dangerous for passage, any lake, navigable river, bay, stream, canal, basin, public park, square, street, or highway[.]

Based on the language of the jury instructions and the facts of the case, the jury found Hafner guilty of violating N.D.C.C. § 42–01–15 and maintaining or committing a public nuisance.

[¶ 9] Hafner contends, nevertheless, the statutory phrase, "the punishment for which is not otherwise prescribed," dictates that his conduct could not have been punishable under any other statute. We disagree. This statutory phrase has not been defined by the North Dakota Legislature, or this Court. *See* N.D.C.C. § 42–01–15.

[¶ 10] The primary goal when interpreting a statute is to ascertain the legislative intent. *Hassan v. Brooks,* 1997 ND 150, ¶ 5, 566 N.W.2d 822 (citation omitted). When interpreting a statute, we first look to the language itself and determine whether it is unambiguous on its face. *State v. Eldred,* 1997 ND 112, ¶ 19, 564 N.W.2d 283 (citing *Bouchard v. Johnson,* 555 N.W.2d 81, 83 (N.D.1996)). If the statute is unambiguous, we apply the plain language. *Id.* (citing *County of Stutsman v. State Historical Soc'y,* 371 N.W.2d 321, 325 (N.D.1985)). When a statute is not clear on its face, "we look to extrinsic aids, such as legislative history, to determine the legislature's intent." *Id.* (citing *State Historical Soc'y,* at 325). We interpret statutes in context to avoid absurd results. *Ohnstad Twichell, P.C. v. Treitline,* 1998 ND 10, ¶ 20, 574 N.W.2d 194 (citation omitted).

[¶ 11] "Words and phrases must be construed according to the context and the rules of grammar and the approved usage of

the language." N.D.C.C. § 1–02–03. Under N.D.C.C. § 42–01–15 (emphasis added), "[e]very person who maintains or commits any public nuisance, *the punishment for which is not otherwise prescribed,* or who willfully omits to perform any legal duty relating to the removal of a public nuisance, is guilty of a class A misdemeanor." The plain language of North Dakota's public nuisance statute indicates "the punishment for which is not otherwise prescribed" refers to punishments for maintaining or committing "a public nuisance," and not the acts that may constitute additional potential statutory violations.

[¶ 12] The phrase, "the punishment for which is not otherwise prescribed," originated in the Dakota Territory Penal Code during the 1864–65 legislative session. *See* 1864–65 N.D. Laws ch. 17, tit. 12 § 432. Under the 1864–65 Penal Code, the statutory language was similar to our current provision:

Every person who maintains or commits any public nuisance, *the punishment for which is not otherwise prescribed,* or who willfully omits to perform any legal duty relating to the removal of a public nuisance, *is guilty of a misdemeanor.*

*Id.* (emphasis added). The 1864–65 Penal Code, however, explained the punishment for a misdemeanor:

*Except in cases where a different punishment is prescribed by this code,* or by some existing provisions of law, every offense declared to be a misdemeanor, is punishable by imprisonment in a county jail not exceeding one year, or by a fine not exceeding five hundred dollars, or by both such fine and imprisonment.

*See* 1864–65 N.D. Laws ch. 17 § 14 (emphasis added).

[¶ 13] Based on the plain language of the Penal Code in 1864–65, a person charged with the misdemeanor of maintaining or committing a public nuisance would have been sentenced within the parameters of the general misdemeanor statute, unless a different punishment was prescribed elsewhere in the Penal Code for the offense. *See, e.g.,* 1864–65 N.D. Laws ch. 8, §§ 371–72 (declaring "[e]very lottery is unlawful and a common

and public nuisance" and providing specific punishments for the offense).

[¶ 14] Hafner's contention that his alleged conduct was chargeable and punishable under N.D.C.C. § 36–11–01, and that therefore, he could not be charged with violating N.D.C.C. § 42–01–15, is without merit.

[¶ 15] Under N.D.C.C. § 36–11–01:

No cattle, horses, mules, swine, goats, or sheep may be permitted to run at large. Any owner or possessor of any such animal who willfully permits it to run at large through failure to maintain a lawful fence as provided in section 47–26–01, except in grazing area as provided in section 36–11–07, is guilty of a class B misdemeanor.

Clearly, section 36–11–01 only applies where livestock is willfully "permitted to run at large ... through failure to maintain a lawful fence...." It does not prescribe another punishment for a violation of N.D.C.C. § 42–01–15, maintaining or committing a public nuisance which "tend[s] to obstruct, or render[s] dangerous for passage any, ... highway." N.D.C.C. § 42–01–01(3). The fact Hafner could be charged with a different offense, does not negate the right of the state to charge him with a violation of N.D.C.C. § 42–01–15 and to seek the punishment prescribed under this statute.

[¶ 16] Similar statutory language, however, has been interpreted by other jurisdictions. Hafner's argument relies on his analysis of older decisions from Oregon and Arizona. *See State v. Franzone*, 243 Or. 597, 415 P.2d 16, 19 (Or.1966) (citation omitted) (reversing Franzone's conviction and discussing the Oregon public nuisance statute's intent "to cover offenses ... not elsewhere made punishable by the criminal statutes ..."); *Engle v. State*, 53 Ariz. 458, 90 P.2d 988, 993 (Ariz. 1939) (concluding gambling fell within the statutory definition of a public nuisance "after an exhaustive and critical examination of all" state legislation since 1864). We have reviewed those decisions and conclude the Oregon court's analysis was based on an extensive examination of long-standing precedent and the legislative history of its nui-

sance statutes, which was adopted by the Arizona court. We find those decisions unpersuasive to the extent it may be argued they conflict with our analysis that N.D.C.C. § 42–01–15 is clear and unambiguous.[2]

### III.

[¶ 17] Hafner argues the trial court erred by refusing to instruct the jury "an element of the offense of maintaining a public nuisance is that the punishment for the alleged conduct cannot be otherwise prescribed." We disagree.

[¶ 18] Jury instructions must inform the jury about the applicable law and must not mislead them. *State v. Brossart*, 1997 ND 119, ¶ 26, 565 N.W.2d 752 (citing *State v. Thompson*, 504 N.W.2d 838, 841 (N.D.1993)). We review the jury instructions as a whole, and will not reverse unless the jury instructions are erroneous, the error relates to a central issue in the case, and the substantial rights of the defendant are affected. *Id.* (citation omitted).

[¶ 19] The phrase, "the punishment for which is not otherwise prescribed," is not an element of the public nuisance offense. Whether the punishment for the alleged violation is otherwise prescribed is a question of law for the trial court, not a question of fact for the jury. The issue does not involve a factual dispute, but rather the interpretation of our statutes. *See, e.g., Application of Thwing*, 85 S.D. 351, 182 N.W.2d 308, 310 (S.D.1970) (acknowledging the trial court's duty to "instruct the jury as to the requested elements of a crime"); *see generally* 75 Am. Jur.2d *Trial* § 714 (1991) (footnotes omitted) (recognizing "[i]t is the province of the court to determine and decide questions of law presented at the trial, and to state the law to the jury"). North Dakota Century Code § 29–21–03 mandates the trial court must decide "all questions of law which arise in the course of the trial." In this case, the trial court determined "the punishment for which is not otherwise prescribed by law" was not an element of the public nuisance offense and

---

2. *See also* 1971 Or. Laws ch. 743 § 432 (repealing the public nuisance statute discussed in *Franzone*).

further that N.D.C.C. § 36–11–01 did not prescribe a punishment for maintaining a public nuisance. The trial court reasoned:

> I believe that the State has the option of bringing whichever charge best fits the circumstances. I can see that 36–11–01 could be brought at least under the facts that were stated in the affidavit supporting the complaint.

> In fact, I believe the State could have brought that charge in addition to maintaining a public nuisance. But I don't believe that 42–01–15 precludes the State from bringing an action under that statute simply because another remedy might be available to address part of the problem.

> And I am not going to include as an element of the offense for the jury to find that there was no other— that their punishment was not otherwise pr[e]scribed.

We conclude the trial court did not err when it refused to instruct the jury as requested by Hafner.

### IV.

[¶ 20] Hafner also contends the trial court erred by denying his motion for acquittal. He argues the trial court abused its discretion in denying the motion because the State proved he could have been charged with a violation of N.D.C.C. § 36–11–01. We find this argument without merit as well.

[¶ 21] Under N.D.R.Crim.P. 29(a), a defendant may move the court for "the entry of judgment of acquittal of one or more offenses charged in the indictment, information, or complaint after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense...." The trial court must view the evidence in the light most favorable to the State, and "must deny the motion if there is substantial evidence upon which a reasonable mind could find guilt beyond a reasonable doubt." *State v. Steinbach*, 1998 ND 18, ¶ 16, 575 N.W.2d 193 (citing *State v. Kingsley*, 383 N.W.2d 828, 829 (N.D.1986)). "To successfully challenge the sufficiency of the evidence on appeal, a defendant must show the evidence, when viewed in the light most favorable to the verdict, permits no reason-

able inference of guilt." *Id.* (citing *State v. Fasching*, 461 N.W.2d 102, 103 (N.D.1990)).

[¶ 22] We have concluded whether "the punishment for which is not otherwise prescribed" is not an element of the offense of maintaining a public nuisance for which Hafner was found guilty. We also have concluded this phrase refers to alternative punishment for the offense of maintaining a public nuisance. North Dakota Century Code § 36–11–01 does not prescribe an alternative punishment for maintaining a public nuisance. Viewing the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the verdict, we determine a reasonable fact-finder could have found Hafner guilty of maintaining a public nuisance beyond a reasonable doubt. We conclude, therefore, the trial court did not err in denying Hafner's motion for acquittal.

### V.

[¶ 23] Hafner argues the trial court erred by failing to instruct the jury on the "agricultural operation defense to maintaining a public nuisance." We disagree.

[¶ 24] "'A defendant is entitled to a jury instruction on a legal defense if there is evidence to support it.'" *State v. Gagnon*, 1997 ND 153, ¶ 9, 567 N.W.2d 807 (quoting *State v. Mertz*, 514 N.W.2d 662, 669 (N.D. 1994) (citations omitted)). A defendant is entitled to a jury instruction on all defenses for which there is support in the evidence, whether the defenses are consistent or inconsistent. *Id.* (citations omitted). We review the evidence in the light most favorable to the defendant when ascertaining whether a particular instruction on a defense should have been given by the trial court. *Id.* (citations omitted). "A court must refuse a requested instruction that misstates the applicable law." *State v. Anderson*, 480 N.W.2d 727, 730 (N.D.1992).

[¶ 25] Hafner was charged with maintaining a public nuisance, a crime which must be committed "willfully," based on the jury instructions. N.D.C.C. § 42–01–15. The jury was instructed Hafner acted willfully if he "did so intentionally, knowingly or recklessly." *See also* N.D.C.C. § 12.1–02–02(1)(e).

A person's negligent conduct is not willful conduct. *Anderson*, at 730 (citations omitted). Generally, under the criminal code, "[a]ny lesser degree of required culpability is satisfied if the proven degree of culpability is higher." *See* N.D.C.C. § 12.1–02–02(4).

[¶ 26] Hafner requested an instruction containing the language of N.D.C.C. § 42–04–02 (emphasis added):

> An agricultural operation is not, nor shall it become, a private or public nuisance by any changed conditions in or about the locality of such operation after it has been in operation for more than one year, if such operation was not a nuisance at the time the operation began; *except that the provisions of this section shall not apply when a nuisance results from the negligent or improper operation of any such agricultural operation.*

The plain language of the statute and Hafner's proposed instruction, however, makes the defense inapplicable if the nuisance was a result of "negligent or improper operation." *Id.*[3]

[¶ 27] The trial court denied Hafner's requested instruction stating:

> The essential elements as proposed by the Court require the State to prove beyond a reasonable doubt that the defendant willfully maintained or committed a public nuisance. The term "willfully" includes conduct that is committed intentionally, knowingly or recklessly, all of which are a higher standard in terms of culpability than negligence.
>
> The defense, as you refer to it . . ., is inapplicable when conduct is committed negligently or improperly. I view the term "improperly or negligently" as having been maintained if the State is able to meet its burden of proving that the defendant acted willfully.

[¶ 28] After hearing all the evidence, the jury found Hafner guilty of "willfully" maintaining a public nuisance. As a matter of law, the trial court did not err by failing to give the requested instruction to the jury.

---

**3.** It should be noted that although Hafner argues his hog-raising operation had been in place for more than one year, we find little, if any evidence in the record of "changed conditions" as required by the statute.

## VI.

[¶ 29] We therefore affirm.

[¶ 30] VANDE WALLE, C.J., and NEUMANN and SANDSTROM, JJ., concur.

[¶ 31] The Honorable CAROL RONNING KAPSNER was not a member of the Court when this case was heard and did not participate in this decision.

