1999 ND 14

ROBOT AIDED MANUFACTURING, INC., dba Explore Information Services, Plaintiff and Appellee,

v.

Marshall MOORE, Director of the North Dakota Department of Transportation, Defendant and Appellant.

Civil No. 980267.

Supreme Court of North Dakota.

Jan. 27, 1999.

Thomas D. Kelsch, Kelsch, Kelsch, Ruff & Kranda, Collins and Main, Mandan, for plaintiff and appellee.

Andrew Moraghan, Assistant Attorney General, Attorney General's Office, Bismarck, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] The Department of Transportation (the Department) appeals from a judgment granting a writ of mandamus ordering the Department to open reports of traffic offense convictions, admissions, and adjudications for inspection and copying by Robot Aided Manufacturing, Incorporated, doing business as Explore Information Services (Explore). We conclude the trial court did not abuse its discretion in issuing the writ of mandamus. We therefore affirm the judgment of the trial court.

[¶ 2] Explore is an insurance support organization with its principal place of business in Red Wing, Minnesota. In a December 1996

letter to the Department of Transportation, Explore proposed to pay a negotiated fee to enable the Department to create a computer citation file which would accumulate traffic citations reported to the Department each month. Explore requested that each month the Department send to Explore, in an electronic format, the driver's "license number, the date of conviction, and violation description for each violation occurring within the past 30 days."

[¶ 3] In the alternative, Explore requested the Department send Explore a list each month of drivers' license numbers and names of all persons cited for a traffic violation during the previous month. Explore offered to pay a fee for each name included in the list. Explore informed the Department it was not requesting certified abstracts governed by N.D.C.C. § 39–16–03. Explore noted, however, that it may, based upon information received from either of these methods, later request abstracts of the operating record of specifically identified drivers.

[¶ 4] In February 1997, the Department responded, concluding the request should be treated as a request for a certified abstract of a driver's operating record under N.D.C.C. § 39–16–03. The Department indicated complying with the request would require a fee of three dollars and notification to each driver whose name appeared in the information provided.

[¶ 5] In March 1997, Explore sent the Department a detailed request:

Explore requests that the Department of Transportation make copies of every report of a conviction or traffic offense or admission or adjudication of a traffic violation which the Department has received during the month of February 1997. Please let me know the amount of the reasonable fee for copies or how it will be calculated. . . .

This request includes copies of any paper reports of convictions of a traffic offense, or admission of an adjudication of a traffic violation as well as copies of any electronic reports of a conviction of a traffic offense or admission of adjudication of a traffic violation received by the Department in February 1997.

Explore is not requesting a certified abstract of the operating record pursuant to N.D.C.C. § 39–16–03.

Explore's letter indicated this was a "continuing request" for each month's records to be provided to Explore on or about the 15th day of the following month. The Department denied the request.

[¶ 6] In September 1997, Explore filed a petition for a writ of mandamus requesting the trial court:

order DOT to open for inspection the records sought in report of a conviction or a traffic offense or admission or adjudication of a traffic violation which DOT has received during the month of February 1997 and for each month thereafter, and further to permit Explore to copy such records.

The Department initially contended the documents sought by Explore were not open records.

[¶ 7] In March 1998, Explore moved for summary judgment arguing the conviction and violation reports were open records and N.D.C.C. § 39–16–03 did not provide a specific exception to the "reasonable fee" requirement of N.D.C.C. § 44–04–18(2). The Department asserted the trial court should grant summary judgment in its favor because Explore was "attempting to piece together records virtually identical to abstracts for every licensed operator in the state." The Department argued Explore's request was subject to the three dollar fee requirement for abstracts under N.D.C.C. § 39–16–03.

[¶ 8] In April 1998, the Department moved for leave to file an amended answer. The amended answer eliminated the Department's assertion the documents sought by Explore were not open records. The Department contended the only remaining issue was whether N.D.C.C. § 39–16–03 was an exception to the "reasonable fee" requirement of N.D.C.C. § 44–04–18(2).

[¶ 9] In July 1998, the trial court issued its order granting Explore's petition for a writ of mandamus. Although Explore's request for monthly copies of the records was intended to be continuous, the trial court decided Explore must periodically submit written re-

quests for the documents sought. The court ordered:

1. That the [Department] shall open for [Explore's] inspection, and furnish [Explore] with copies of, the reports of convictions of traffic offenses, and admissions or adjudications of traffic violations, excluding those to which zero, one, and two points are assigned, for the period from February of 1997 to the present.

2. That the [Department] shall open for [Explore's] inspection, and furnish [Explore] with copies of, the reports of convictions and traffic offenses, and admissions or adjudications of traffic violations, excluding those to which zero, one, and two points are assigned, that are received by [the Department] in the future upon receiving periodic, written requests from [Explore] for the same.

3. That [the Department] shall set the fee, manner of payment, and procedures for implementing an orderly distribution of the records.

[¶ 10] On appeal the Department argues the trial court erred in issuing the writ of mandamus and erred by not granting summary judgment in its favor. North Dakota Century Code § 32-34-01 governs the issuance of a writ of mandamus:

The writ of mandamus may be issued by the supreme and district courts to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled and from which the party is precluded unlawfully by such inferior tribunal, corporation, board, or person.

"A party seeking a writ of mandamus bears the burden of demonstrating a clear legal right to the performance of the particular acts sought to be compelled by the writ." *Krabseth v. Moore, Director, North Dakota Dep't of Transp.*, 1997 ND 224, ¶ 6, 571 N.W.2d 146. The petitioner must demonstrate a clear and complete legal right to the performance of particular acts sought to be compelled. *Id.* Issuance of the writ is left to

the sound discretion of the trial court; this court will not reverse the trial court's issuance of a writ unless it should not have been issued as a matter of law, or the trial court abused its discretion. *Id.* "The trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner." *Id.*

[¶ 11] The parties do not dispute the documents sought by Explore are open records. *See* N.D.C.C. § 44-04-18(1) (1993) (explaining all records of public or governmental bodies are public records unless "otherwise specifically provided by law"). The parties disagree about the statute governing the fee the Department of Transportation may charge for copies of the records. Explore argues the records are subject to N.D.C.C. § 44-04-18(2), not N.D.C.C. § 39-16-03 as asserted by the Department. We agree with the trial court's conclusion the Department's reliance on N.D.C.C. § 39-16-03 was misplaced because the statute "applies to *certified abstracts*, which are not the records sought by [Explore]."

[¶ 12] Interpretation of a statute is a question of law. *Feist v. North Dakota Workers Comp. Bureau*, 1997 ND 177, ¶ 8, 569 N.W.2d 1. "The primary goal when interpreting a statute is to ascertain the legislative intent." *State v. Hafner*, 1998 ND 220, ¶ 10, 587 N.W.2d 177. When interpreting a statute we first look to the language of the statute itself and determine whether it is unambiguous. *Id.* If the statutory language is unambiguous, we apply the plain language of the statute. *Id.* "Words and phrases must be construed according to the context and the rules of grammar and the approved usage of the language." N.D.C.C. § 1-02-03. If the language is ambiguous, we look to extrinsic aids, such as legislative history, to determine the intent of the legislature. *State v. Eldred*, 1997 ND 112, ¶ 19, 564 N.W.2d 283.

[¶ 13] The Department of Transportation argues legislative intent mandates Explore's request is subject to the three dollar fee requirement of N.D.C.C. § 39-16-03, and not the "reasonable fee" requirement of N.D.C.C. § 44-04-18(2). However, the plain

language of the statutes is clear and therefore we do not need to examine legislative intent. Under N.D.C.C. § 44–04–18(2) (1993)[1]:

> Upon request for a copy of specific public records, any entity subject to [N.D.C.C. § 44–04–18(1) ] shall furnish the requestor one copy of the public records requested. The entity may charge a reasonable fee for making the copy.

Under N.D.C.C. § 39–16–03:

> The director upon request shall furnish any person a certified abstract of the operating record of any person subject to the provisions of this chapter which must include the convictions, adjudications, and admissions of commission of traffic offenses of any driver and suspensions, revocations, and restrictions of a person's driving privileges. . . .
>
> . . . .
>
> A fee of three dollars must be paid for each abstract of any operating record, complete operating record, or record of clearance, except no fee will be assessed to law enforcement agencies.

The plain language of these statutes permits the Department to charge a "reasonable fee" for the records sought by Explore, unless the documents are abstracts subject to the three dollar fee requirement of N.D.C.C. § 39–16–03.

[¶ 14] Explore requested monthly copies of "every report of a conviction or traffic offense or admission or adjudication of a traffic violation," excluding those to which zero, one, and two points were assigned, which were received by the Department of Transportation during the prior month. Based on evidence submitted to the trial court, the Department itself recognized at least four distinctions between the documents requested by Explore and abstracts:

> the only information that appears on an abstract that would not appear on the citations requested by Explore would be first, any restrictions on a driver; second, the expiration date of the driver's license;

third, the status of the license; and fourth, the notations on those suspensions, revocations, and cancellations that do not automatically result from the conviction or adjudication of a single traffic offense.

In addition, the information provided to Explore would not be certified by the Department to be the compiled driving records of specifically identified persons. Therefore, consistent with the evidence introduced by the Department and the plain language of the statutes, Explore did not request abstracts subject to the three dollar fee and driver notification requirements of N.D.C.C. § 39–16–03.

[¶ 15] The Department argues providing Explore with the requested records at a reasonable fee renders N.D.C.C. § 39–16–03 superfluous because, after accumulating records for three years, Explore would have the information necessary for Explore to create an abstract on all individual drivers. The Department suggests Explore could compile the information received from the Department into a document containing information similar to an abstract by sorting the records by individual drivers. The Department acknowledges Explore would not have received information about drivers who had no violations during the three years, but urges this court that absence of violations would put Explore "on notice that there are no violations on the abstracts" for such drivers. Neither the information sought by Explore nor the assumptions Explore might make, based upon lack of information, serve the purpose of N.D.C.C. § 39–16–03, which is certification by the Department of the operating record of a specific driver. Further, the possibility Explore could manipulate the information at some time in the future does not make the records an abstract at the time of Explore's request.

[¶ 16] We agree with the trial court's conclusion the three dollar fee requirement under N.D.C.C. § 39–16–03 does not apply and the Department of Transportation must set an appropriate "reasonable fee" for the documents sought by Explore. Furthermore, al-

---

1. North Dakota Century Code § 44–04–18 was amended effective August 1, 1997, to include several more provisions. Because Explore's original request occurred December 18, 1996, we refer to the rule effective on that date.

though Explore's request for the records was intended to be continuous, we agree with the trial court's decision Explore must periodically submit written requests for specific records.

[¶ 17] Explore had a clear legal right under N.D.C.C. § 44-04-18 to the documents sought in the petition for a writ of mandamus. We therefore hold the trial court did not abuse its discretion in issuing the writ. We affirm the decision of the trial court.

[¶ 18] VANDE WALLE, C.J., MARING, NEUMANN and SANDSTROM, JJ., concur.

