1999 ND 232

**Eric BURLEY, Petitioner and Appellee,**

v.

**NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Respondent and Appellant.**

**No. 990169.**

Supreme Court of North Dakota.

Dec. 22, 1999.

Robin L. Olson, Grand Forks, ND, for petitioner and appellee.

Andrew Moraghan, Assistant Attorney General, Bismarck, ND, for respondent and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] The Department of Transportation ("Department") appealed from a writ of mandamus compelling the Department to give Eric Burley an administrative hearing regarding the suspension of his driving privileges. The writ of mandamus should not have been issued as a matter of law and we reverse.

[¶ 2] On September 8, 1998, at approximately 12:53 a.m., Officer Patrick Torok of the Grand Forks Police Department arrested Eric Burley for driving under the influence of alcohol. Officer Torok recited the implied consent advisory telling Burley refusal to submit to a chemical test requested by a law enforcement officer would result in revocation of Burley's driving privileges. Officer Torok transported Burley to the police department and asked him to submit to an Intoxilyzer test. Burley refused to submit to the Intoxilyzer test. Officer Torok explained to Burley that unwillingness to submit to an Intoxilyzer test would be counted as a refusal. Instead, Burley asked for a blood test. Officer Torok transported Burley to Altru Hospital for a blood test. Torok told Burley he would have to pay for the test himself and that his refusal to submit to the Intoxilyzer test would be counted as a refusal.

[¶ 3] Burley's blood sample was obtained at approximately 1:44 a.m. at the hospital. Torok gave no instructions to personnel at Altru Hospital regarding what to do with the blood sample. After the sample was obtained, Torok transported Burley to the Grand Forks Correctional Center. The officer issued a Report and Notice to Burley, which included a temporary operator's permit. The Report and Notice indicated Burley had refused to submit to a chemical test of his breath. Officer Torok told Burley there were items on the back of the Report and Notice he should read. One of those items stated:

**HEARING REQUEST PROCEDURES AND INFORMATION**

You may request a hearing concerning the suspension or revocation of your operator's license. HEARING REQUESTS MUST BE IN WRITING AND BE MAILED WITHIN TEN DAYS OF THE DATE OF ISSUANCE OF THE VALID OR NOT VALID TEMPORARY OPERATOR'S PERMIT. Mail the request with name, address, phone number, and operator's number to the Drivers License and Traffic Safety Division.

[¶ 4] The blood sample obtained from Burley was sent to the Office of the State Toxicologist, where it was analyzed on September 9, 1998, and found to have an alcohol concentration of .18 percent by weight. The Office of the State Toxicologist mailed the test result to Altru Hospital. On September 21, 1998 the results were released to Burley's attorney, who requested an administrative hearing. The hearing request was denied as untimely because it was 13 days after the temporary operator's permit was issued and, as stated in the Report and Notice, the hearing request had to be mailed within 10 days of the issuance of the temporary operator's permit. N.D.C.C. § 39–20–05(1).

[¶ 5] Burley applied to the district court for a "Writ of Mandamus or Other Appropriate Writ," requiring the Department to hold a hearing. The district court entered

a writ of mandamus, directing the Department to convene an administrative hearing.

[¶ 6] The Department argues the district court erred in issuing the writ of mandamus because Burley was not entitled to a hearing under the applicable statutes. The issuance of a writ of mandamus is left to the sound discretion of the trial court. *Robot Aided Mfg., Inc. v. Moore*, 1999 ND 14, ¶ 10, 589 N.W.2d 187. We will not reverse the trial court's issuance of a writ unless it should not have been issued as a matter of law, or the trial court abused its discretion. *Id.* " 'The trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner.' " *Id.* (quoting *Krabseth v. Moore*, 1997 ND 224, ¶ 6, 571 N.W.2d 146).

[¶ 7] North Dakota Century Code § 32–34–01, provides for issuance of writs of mandamus:

> The writ of mandamus may be issued by the supreme and district courts to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled and from which the party is precluded unlawfully by such inferior tribunal, corporation, board, or person.

[¶ 8] The applicant for a writ of mandamus must demonstrate a clear legal right to the performance of the act and must have no other plain, speedy and adequate remedy in the ordinary course of law. *Kadlec v. Greendale Tp. Bd. of Sup'rs*, 1998 ND 165, ¶ 8, 583 N.W.2d 817. Whether or not Burley had a clear legal right to compel the Department to provide him a hearing is the key issue. Attempting to apply previous decisions of this Court, Burley argues he cured his initial refusal to submit to an Intoxilyzer test by requesting a blood test.[1]

[¶ 9] However, this precedent is irrelevant to whether or not Burley has a clear legal right to compel the Department to give him a hearing. Section 39–20–05(1), provides "[b]efore issuing an order of suspension, revocation, or denial under section 39–20–04 or 39–20–04.1, the director shall afford that person an opportunity for a hearing if the person mails a request for the hearing to the director within ten days after the date of issuance of the temporary operator's permit." Under this statute, the duty to provide a hearing does not arise until a hearing has been timely requested.

[¶ 10] In *Lund v. North Dakota State Highway Dept.*, 403 N.W.2d 25, 27 (N.D.1987), this Court affirmed the denial of Arlin Lund's application for a writ of mandamus because Lund did not timely request a hearing. We explained: "It is clear that Section 39–20–05 creates a legal duty, but it is equally clear that the duty is contingent on the action taken by the driver [Lund]. Before the Commissioner's duty to order a hearing arises, the driver must have timely requested a hearing." *Id.*

---

1. Burley relies on *Krehlik v. Moore*, 542 N.W.2d 443 (N.D.1996), and *Lund v. Hjelle*, 224 N.W.2d 552 (N.D.1974), to support the assertion that he cured his initial refusal to take an Intoxilyzer test by later agreeing to submit to a blood test. His reliance on *Krehlik* and *Lund* is misplaced. This precedent [*Krehlik* and *Lund* ] stands for the proposition that a refusal to take a chemical test may be cured by later agreeing to take the same test. *Krehlik*, 542 N.W.2d at 447; *Lund*, 224 N.W.2d at 557; *See* N.D.C.C. § 39–20–01 (stating "[t]he law enforcement officer shall determine which of the tests is to be used").

Distinguishing this case is the fact Burley did not submit to the test the officer requested, but agreed to submit to a different test. Similarly, in *Clairmont v. Hjelle*, 234 N.W.2d 13, 16 (N.D.1975), we held a motorist may not cure an initial refusal to submit to a chemical test by agreeing to take a different test than the one offered by the officer. We said the officer "had the right to specify use of one certain kind of authorized test, and the appellant's refusal to submit to it made him subject to the penalties prescribed in Section 39–20–04, N.D.C.C." *Id.*

[¶ 11] Because Burley failed to timely request a hearing, he had no legal right to a hearing. The writ of mandamus should not have been issued as a matter of law.

[¶ 12] We reverse.

[¶ 13] DALE V. SANDSTROM, WILLIAM A. NEUMANN, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, JJ., concur.

