The Honorable Irma Hunter Brown State Senator 1623 West 23rd Street Little Rock, Arkansas 72206-2000
Dear Senator Brown:
I am writing in response to your request for an opinion on the following question:
 BACKGROUND
 The Little Rock School District received a request under the Arkansas Freedom of Information Act ("FOIA") from the Arkansas Democrat Gazette for ongoing daily access to the following:
 — Email messages sent among school board members
 — Email messages sent by the superintendent or her designee to one or more school board members, including each daily and weekly update sent to the board
 — Email messages sent by school board members to the superintendent or other school district administrators
 In its request, the newspaper proposed that the simplest and most direct method of accomplishing the release of emails would be to include the newspaper in the list of recipients at the time each message is sent. *Page 2 
 QUESTION
 1. Does the newspaper's request under the FOIA for emails which may not yet exist at the time of the request comply with the FOIA?
RESPONSE
It is my opinion that the answer to your question is "no." The FOIA does not contemplate or authorize "continuing" or "ongoing" requests for records that are not in existence at the time the request is made. Because your question involves e-mail exchanges to, from, or between members of a "governing body" and/or administrators of a school district, however, it is possible that such exchanges could constitute a "meeting" for purposes of the open meetings requirements of the FOIA.See Op. Att'y Gen. 2005-166. If so, the usual notification procedures required for such meetings must be observed. Otherwise, a violation of the FOIA will occur.
I have found no Arkansas case law expressly addressing "ongoing" requests for records under the Arkansas Freedom of Information Act ("FOIA") (A.C.A. §§ 25-19-101 — 109 (Repl. 2002 and Supp. 2007)). It has been stated, however, that for a record to be subject to the FOIA and available to the public, it must be: (1) possessed by an entity covered by the Act, (2) fall within the Act's definition of a public record, and (3) not be exempted by the Act or other statutes. See NabholzConstruction v. Contractors for Public Protection Association
(Ark.Sup.Ct. 07-843, Nov. 1, 2007), citing Arkansas Gazette Company v.Goodwin, 304 Ark. 204, 801 S.W.2d 284 (1990); and Legislative JointAuditing Comm. v. Woosley, 291 Ark. 89, 722 S.W.2d 581 (1987).
In my opinion, the FOIA contemplates and requires that FOIA requests pertain to existing documents. In this regard, the definition of public records includes ". . . writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium required by law to be kept or otherwise kept. . . ." A.C.A. § 25-19-103(5)(A) (Supp. 2007). In addition, the Act does not require custodians to create new records in response to requests. A.C.A. §25-19-105(d)(2)(C) (Supp. 2007). Moreover, the FOIA contemplates fairly immediate access to records unless they are in "active use" or storage, in which case the custodian must set a time within three working days to provide the records. *Page 3 
A.C.A. § 25-19-105(e) (Supp. 2007) and Op. Att'y Gen. 93-263. These time lines could not in many instances be met with "ongoing" or "standing" requests for records. The FOIA thus does not contemplate requests that seek records to be created in the future.
Although neither I, nor my predecessors have previously squarely addressed this question, my predecessor touched upon a similar issue in Op. Att'y Gen. 2005-139, in addressing an FOIA request for "all e-mails sent and received . . . for all dates possible." A standing or continuing request for records was not at issue in Opinion 2005-139. My predecessor addressed the possible open-ended nature of the "all dates possible" request by stating that: "It is my opinion that such a request generally would encompass e-mails sent or received up to the time the Department received the FOIA request." Id. at 6. He thus indicated that the request could not be interpreted as including records that had not been created at the time of the request.[1]
A number of other state Attorneys General have addressed the issue of "standing" or "continuing" requests for records under the provisions of their respective freedom of information or open records laws. The majority appear to reach a conclusion similar to the one I have reached above on the basis that the language of such laws applies only to records in existence at the time the request is made. See, e.g., Tex. Op. Att'y Gen. OR2008-04892 (2008 WL 1765924) (stating that "We agree that the Act does not require the city to release information that did not exist when it received this request, create responsive information, or comply with a standing request to provide information on a periodic basis" citing Economic Opportunities Development Corporation v.Bustamante, 562 S.W.2d 266 (Tex.Civ.App. 1978)); Ky. Op. Att'y Gen. 06-ORD-171 (2006 WL 2498678) (citing earlier opinions to the effect that "`standing requests' for public records are not proper under the law, and need not be honored"); Kan. Op. Att'y Gen. 98-51 (1998 WL 773630) (concluding that if a record is not yet in existence, it does not meet the definition of a public record and the request does not adequately identify the records sought); 1991 Va. Op. Att'y Gen. 8 (1991 WL 531017) (concluding *Page 4 
that Virginia Freedom of Information Act does not authorize "continuing" requests for public records, because yet to be created records do not fall within the definition of "official records," applicable response deadlines in the Act could not be met with regard to such requests, and the legislature did not provide for continuing records requests as it did with regard to meeting notification under the Act); and 73 Wis. Op. Att'y Gen. 38 (1984 WL 248998) (concluding that the Wisconsin Open Records Law does not contemplate the honoring of continuing requests for records, stating that the "right of access applies only to extant records" and that the Act contemplates "custodial decisions being made with respect to a specific request at the time the request is made").See also, however, 2003 N.D. Op. Att'y Gen. 0-08 (2003 WL 21713304) (citing Robot Aided Manufacturing, Inc. v. Moore, 589 N.W.2d 187 (N.D. 1999), for the proposition that standing requests under the North Dakota open records law are valid, but that a requestor "must periodically submit written requests for the specific documents . . . sought").
In my opinion, as stated above, the FOIA does not contemplate or authorize "continuing" or "ongoing" requests for records. As a consequence, it is my opinion that the answer to your question is "no," the newspaper's request under the FOIA for emails which do not yet exist at the time of the request does not comply with the FOIA.
I must address a final point, however, in light of your question's factual predicate, which involves e-mail exchanges to, from, or between members of a "governing body" that is subject to the open meetings provisions of the FOIA. I am in receipt of information from representatives of the newspaper in question, who state that "[t]he e-mails from the superintendent — as well as among board members — have become the equivalent of electronic meetings" and stating that "if the board chooses to hold `electronic' meetings, we feel we have an ongoing right to the email discussions between board members."
As stated in Op. Att'y Gen. 2000-096:
 If it is determined, based upon the particular facts at hand, that the telephone or e-mail discussion is subject to the FOIA, then the FOIA will require that notice be given to the press and public. See A.C.A. § 25-19-106 (Supp. 1999). There must also be some means of safeguarding the public's right to hear or monitor the *Page 5 
telephone conversation or the electronic discussion, e.g., by use of speaker phones or by logging on to the computer network. See generally J. Watkins, The Arkansas Freedom of Information Act 281 (3rd ed. 1998). If safeguards are not present, the meeting will violate the FOIA.
Id. at 5. See also Rehab Hospital Services Corporation v. Delta HillsHealth Systems Agency, Inc., 285 Ark. 397, 687 S.W.2d 840 (1985) (stating that a "telephone poll" of members of a governing body, if conducted with proper notice, and if conducted with telephones available to the public and press, could have been an acceptable type of open meeting.).
Difficulty sometimes arises, however, in determining whether an exchange of email in fact constitutes a "public meeting." This issue was addressed in Op. Att'y Gen. 2005-166, which attempted to offer guidance on "the line between legal correspondence and illegal `meetings'" in the context of electronic communications among governing body members. My predecessor concluded that this issue is "a matter that remains uncertain under the Arkansas FOIA." He noted, however, that "some jurisdictions draw the line based upon the presence or absence of some exchange among the members of the governing body, concluding that the passive receipt of information does not give rise to a violation." He stated that although he "believe[d] our court might be receptive to this approach" "the issue remains open." He also stated that:
 . . . it is my opinion that a violation of the FOIA's open meeting requirement could occur under circumstances involving e-mail communications, but only a finder of fact presented with all the underlying circumstances will be situated to decide the matter. I must also issue a note of caution that there will likely be risks whenever e-mail is used to disseminate information to the members of a governing body concerning the body's official business. Accordingly, I must reiterate my immediate predecessor's caution against any discussion of pending public business outside a public meeting context. See Ark. Op. Att'y Gen. 2001-166.
Id. at 5. *Page 6 
I will refer you to the full text of Opinion 2005-166 for the reasoning and authorities supporting this conclusion, with which I agree. For purposes of your question, however, concerning the legality of "ongoing" or "continuing" FOIA requests, it is my opinion that such requests are not authorized when access to records under the FOIA is sought. In addition, although I am not a fact-finder and cannot state whether any unlawful meeting occurred with regard to particular email exchanges, I can state that the remedy for any such unlawful meeting is not to seek ongoing access to the records of illegal e-mail exchanges, but to pursue applicable remedies to force the public officials to provide the notice and opportunity to monitor the proceedings that is required for public meetings under the FOIA.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] My predecessor qualified his response, however, with the assumption that the agency had complied with the applicable time periods for making available the records that existed at the time of the request. Although my predecessor indicated that the general rule with an "all dates possible" request like that at issue in Op. Att'y Gen.2005-139 is for the custodian to make available records in existence at the time the request is made, he also indicated that an exception may exist requiring the custodian, if the applicable response deadline is not met, to provide records in existence at the time the custodian ultimately responds to the request. Again, however, this opinion did not address "ongoing" requests for records. *Page 1