2015 ND 59

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Jimmy BOOTH, Jr., Defendant and Appellant.**

**Nos. 20140256, 20140257, 20140258.**

Supreme Court of North Dakota.

March 24, 2015.

Nathan K. Madden, Assistant State's Attorney, Williams County State's Attorney Office, Williston, ND, for plaintiff and appellee.

Daniel S. El–Dweek, Public Defender Office–Williston, Williston, ND, for defendant and appellant.

McEVERS, Justice.

[¶ 1] Jimmy Booth, Jr., appeals a district court order denying his motion to correct an illegal sentence. We affirm.

## I

[¶ 2] Booth was charged with possession of a controlled substance, possession of drug paraphernalia, and four counts of endangerment of a child. Booth was assigned an attorney and waived his right to a preliminary hearing on all charges on September 11, 2012. The State emailed Booth's attorney, informing him of its intention to file a notice of habitual offender status on September 19, 2012. On September 26, 2012, the court sent notice of hearing for the change of plea and sentencing. The State filed a notice of habitual offender status on September 27, 2012. In the notice, the State alleged Booth qualified as an adult, and he had been convicted of unlawful possession of drug paraphernalia, a class C felony, on April 23, 2010, and unlawful manufacture of methamphetamine, a class A felony, on July 13, 2005. Attached to the notice of habitual offender status were certified judgments for both previous felony convictions. The district court held a change of plea and sentencing hearing on September 28, 2012. The district court explained the potential for increased penalties, as a result of the habitual offender status, to Booth. Booth entered pleas of guilty to all counts, and the district court accepted the pleas. The district court sentenced Booth to ten years of incarceration on each count to be served concurrently, with credit for 43 days served. On October 24, 2012, Booth moved·for a reduction of sentence. The district court denied the motion. On April 14, 2014, Booth moved under N.D.R.Crim.P. 35(a)(1) to correct an illegal sentence, claiming his sentence was illegal because the one-day notice given by the State of its intent to seek habitual offender status was insufficient as a matter of law. The court denied the motion, and Booth appealed.

## II

[¶ 3] Booth argues his sentence was illegal because the State did not give reasonable notice of its intention to seek the habitual offender sentence enhancement, as required by N.D.C.C. § 12.1–32–09(3), when it filed the notice one day before the change of plea and sentencing hearing.

[¶ 4] Under N.D.R.Crim.P. 35(a)(1), a sentencing court may correct an illegal sentence at any time. "The term 'illegal sentence' as used in Rule 35(a) applies to a sentence that the judgment of conviction does not authorize." *State v. Trieb*, 516 N.W.2d 287, 291 (N.D.1994) (citation omitted). As noted in *Trieb*, a sentence is illegal if it is in excess of a statutory provision or in some other way contrary to an applicable statute. *Id.*

[¶ 5] Under N.D.C.C. § 12.1–32–09(1)(c), a court may sentence a convicted offender to an extended sentence as a habitual offender when it finds "the offender is an adult and has previously been convicted in any state or states or by the United States of two felonies of class C or above committed at different times when the offender was an adult." When the State has reason to believe a defendant qualifies as a habitual offender, the State may file a notice of its intent to seek a sentence enhancement at a *reasonable time* before the district court accepts a guilty plea. N.D.C.C. § 12.1–32–09(3). "The purpose of giving adequate notice is to allow the defendant to prepare for and defend himself against evidence offered by the State in support of sentence enhancement." *State v. Carpenter*, 2011 ND 20, ¶ 24, 793 N.W.2d 765.

[¶ 6] The State filed the notice of its intent to seek a habitual offender sentence enhancement on September 27, 2012, or one·day before the change of plea and sentencing hearing. However, the record indicates the State emailed Booth's attorney, on September 19, 2012, informing him

that it would be filing "the habitual offender paperwork." At the change of plea hearing on September 28, 2012, the district court informed Booth of the potential for increased penalties associated with the habitual offender sentence enhancement. According to testimony at the change of plea and sentencing hearing, the State and Booth entered into a plea agreement that contemplated the habitual offender sentence enhancement. At the hearing, the district court ensured Booth was aware of the potential penalties associated with the habitual offender sentence enhancement. Nonetheless, Booth pled guilty to all counts, without objecting to the timeliness of the notice of the sentence enhancement according to the terms of a plea agreement. Booth had knowledge of the State's intent to seek the habitual offender sentence enhancement nine days before the hearing and could have objected to the enhancement at the hearing. Because Booth's prior convictions occurred in North Dakota, there was no uncertainty about whether the convictions qualified as class C felonies. Further, Booth has not disputed the previous convictions exist or that they qualify for habitual offender status as class C felonies or above. As such, we conclude Booth did not suffer prejudice resulting from the State's one-day notice of intent to seek the habitual offender sentence enhancement. Under the facts of this case, the one-day notice was reasonable, therefore, the district court did not abuse its discretion in applying the habitual offender sentence enhancement.

[¶ 7] Even if Booth had suffered prejudice, his argument fails. What Booth ultimately argues is that procedural irregularities in applying the statutory requirements of N.D.C.C. § 12.1–32–09(3) regarding reasonable notice would result in an illegal sentence. We disagree.

[¶ 8] Booth has not argued, nor does the record reflect, that his plea was not voluntary. When a defendant voluntarily pleads guilty, the defendant waives the right to challenge nonjurisdictional defects that occur prior to the entry of the guilty plea. *Eaton v. State*, 2001 ND 97, ¶ 7, 626 N.W.2d 676. Booth has not shown the sentence is in excess of the statutory parameters, nor has he shown the convictions relied on by the State were not valid convictions under N.D.C.C. § 12.1–32–09(1)(c) and (2)(c), therefore, his sentence was not illegal. By voluntarily pleading guilty, he waived any procedural defects in applying the enhancement for habitual offenders.

### III

[¶ 9] We decline to address Booth's remaining arguments because they were not raised by Booth in his motion to correct an illegal sentence, and we need not address issues raised for the first time on appeal. *See State v. Kieper*, 2008 ND 65, ¶ 16, 747 N.W.2d 497 (stating issues not raised before the district court, will not be considered for the first time on appeal).

### IV

[¶ 10] We affirm the district court's order denying Booth's motion to correct an illegal sentence. We conclude the sentence was not illegal because Booth did not establish that it was in excess of the statutory provisions of N.D.C.C. § 12.1–32–09(2)(a), nor that it was contrary to the requirements for a valid prior conviction under N.D.C.C. § 12.1–32–09(1)(c). Further, Booth waived any procedural irregularities by voluntarily pleading guilty.

[¶ 11] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, DALE V. SANDSTROM and DANIEL J. CROTHERS, JJ., concur.