2017 ND 97

**Jimmy BOOTH, Jr., Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee**

**No. 20160200**

Supreme Court of North Dakota.

Filed 4/25/2017

Samuel A. Gereszek, P.O. Box 4, East Grand Forks, Minn. 56721–0004, for petitioner and appellant.

Nathan K. Madden, Assistant State's Attorney, P.O. Box 2047, Williston, N.D. 58802, for respondent and appellee.

Tufte, Justice.

[¶ 1] Jimmy Booth, Jr., appeals from a judgment denying his application for postconviction relief based on allegations of ineffective assistance of counsel. We affirm because Booth failed to establish that he was prejudiced by the allegedly deficient performance of his counsel.

I

[¶ 2] Booth pled guilty to manufacturing a controlled substance, possession of a controlled substance, possession of drug paraphernalia, and four counts of endangerment of a child. Booth, accompanied by his attorney, agreed with the factual basis presented for the plea. The district court accepted the plea agreement and sentenced Booth to ten years of incarceration on each count to be served concurrently, with credit for time served. Booth timely moved for reduction of his sentence. The court denied the motion.

[¶ 3] Booth then moved to correct an illegal sentence under N.D.R.Crim.P. 35(a)(1), arguing his sentence was illegal because the State gave him only a one-day notice of its intention to seek habitual offender sentence enhancement under N.D.C.C. § 12.1–32–09. The district court denied the motion and this Court affirmed in State v. Booth, 2015 ND 59, 861 N.W.2d 160. This Court concluded "the one-day notice was reasonable" and "Booth did not suffer prejudice resulting from the State's one-day notice of intent to seek the habitual offender sentence enhancement." Id. at ¶ 6. Booth's voluntary guilty plea waived any challenge to such procedural defects. Id. at ¶ 8.

[¶ 4] Booth then filed a pro se application for postconviction relief under N.D.C.C. ch. 29–32.1, claiming he received ineffective assistance of counsel leading up to his guilty plea. Booth alleged his attorney failed to: 1) determine whether the evidence seized during a search "was properly received into custody (chain of custody) in a timely and legal manner"; 2) conduct an investigation to determine whether (a) he was unconstitutionally detained, (b) he was informed of his Miranda rights, (c) the State Laboratory had tested the evidence, (d) the evidence belonged to someone else, and (e) his DNA or fingerprints were found on the evidence; 3) conduct a "complete investigation of all relevant facts" before advising him to plead guilty; 4) promptly comply with his requests for information as required by N.D.R. Prof.

Conduct 1.4; and 5) represent him competently under the North Dakota Rules of Professional Conduct. Booth claimed he was prejudiced because he "would have more thoughtfully considered trying the case before a jury," and he "would not have plead guilty, but for the advice of Counsel." The district court appointed counsel for Booth, who filed a supplement to the petition, additionally claiming: 1) the court had failed to follow N.D.R.Crim.P. 11 procedures because Booth was not informed of his right to counsel when he entered the guilty plea; and 2) Booth's guilty plea was not knowingly and voluntarily entered.

[¶ 5] The district court held an evidentiary hearing where it heard testimony from Booth and his attorney in the underlying criminal matter. Booth raised other issues at the hearing and testified he would not have pled guilty if his attorney had competently advised him. Booth's attorney explained his handling of the case and testified Booth wanted to plead guilty and "had more desire to dispose of his case th[a]n most clients do." The court denied Booth's application for postconviction relief, concluding the claims of noncompliance with N.D.R.Crim.P. 11 and his allegedly involuntary guilty plea could have been raised in the proceedings leading to Booth, 2015 ND 59, 861 N.W.2d 160, and were therefore barred by N.D.C.C. § 29–32.1–12(2)(a) as a misuse of process. The court rejected the remainder of Booth's claims because he presented no evidence of a "reasonably probable different outcome" and had therefore failed to establish prejudice resulted from his trial counsel's alleged errors.

## II

[¶ 6] On appeal, Booth does not challenge the district court's rulings on the issues barred by misuse of process, but argues the court erred in denying his application for postconviction relief because he established ineffective assistance of counsel.

[¶ 7] The framework for evaluating ineffective assistance of counsel claims under the Sixth Amendment of the United States Constitution and N.D. Const. art. I, § 12, is well-established:

In order to prevail on a post-conviction relief application based on ineffective assistance of counsel, the petitioner must (1) "show that counsel's representation fell below an objective standard of reasonableness" and (2) "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Surmounting Strickland's high bar is never an easy task. An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial or in pretrial proceedings, and so the Strickland standard must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve. Even under de novo review, the standard for judging counsel's representation is a most deferential one. . . . It is all too tempting to second-guess counsel's assistance after conviction or adverse sentence.

Premo v. Moore, 562 U.S. 115, 131 S.Ct. 733, 739–40, 178 L.Ed.2d 649 (2011) (internal quotations and citations omitted). The two-part Strickland test "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). "Thus, a defen-

dant must demonstrate both deficient representation by counsel _and_ prejudice caused by the deficient representation." Woehlhoff v. State, 487 N.W.2d 16, 17 (N.D. 1992). Bahtiraj v. State, 2013 ND 240, ¶ 9, 840 N.W.2d 605. Whether a defendant received ineffective assistance of counsel is a mixed question of law and fact fully reviewable on appeal. See, e.g., Osier v. State, 2014 ND 41, ¶ 10, 843 N.W.2d 277.

[¶ 8] "Courts need not address both prongs of the Strickland test, and if a court can resolve the case by addressing only one prong it is encouraged to do so." Osier, 2014 ND 41, ¶ 11, 843 N.W.2d 277; see also Broadwell v. State, 2014 ND 6, ¶ 7, 841 N.W.2d 750. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Garcia v. State, 2004 ND 81, ¶ 5, 678 N.W.2d 568 (quoting Strickland, 466 U.S. at 697, 104 S.Ct. 2052); see also Greywind v. State, 2004 ND 213, ¶ 15, 689 N.W.2d 390.

[¶ 9] "The second prong of the Strickland test is satisfied in the context of a guilty plea if the defendant shows 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Lindsey v. State, 2014 ND 174, ¶ 19, 852 N.W.2d 383 (quoting Ernst v. State, 2004 ND 152, ¶ 10, 683 N.W.2d 891). To establish prejudice under Strickland in a plea bargain situation, the petitioner must allege facts that, if proven, would support a conclusion that rejection of the plea bargain would have been rational because valid defenses existed, a suppression motion could have undermined the prosecution's case, or there was a realistic potential for a lower sentence. See Bahtiraj, 2013 ND 240, ¶ 16, 840 N.W.2d 605. No court is satisfied with a defendant's subjec-

tive, self-serving statement that, with competent advice, he would have insisted on going to trial. Id. (citing 3 Wayne LaFave et al., Criminal Procedure § 11.10(d) (3rd ed. 2007)).

[¶ 10] At the change of plea hearing, the attorneys explained the terms of the plea agreement to the district court. Booth acknowledged his understanding of the terms. After the court accepted Booth's guilty plea and the factual basis for the four charges, Booth addressed the court. He asked the court to sentence him to the Teen Challenge program, which was not part of the agreement. Asked if he wanted the court to accept the proposed agreement, Booth said "Yeah." The court then explained that it would simply accept or reject the agreement as presented and went on to say that it would not sentence Booth to Teen Challenge even if it were sentencing without regard to a plea agreement. The court accepted the agreement as presented. Regardless of what advice Booth may have received from counsel, he cannot establish that his desire to attend Teen Challenge might reasonably have led him to plead not guilty and proceed to trial. The court had already indicated he would not be sentenced to Teen Challenge if sentenced after trial. Accordingly, the district court correctly determined that Booth presented no evidence that would support a finding of prejudice on his claim that he was not properly advised regarding how the plea agreement might affect his desire to be sentenced to the Teen Challenge program.

[¶ 11] The district court found Booth presented no evidence of a probable different outcome at the change of plea hearing if he had received the State Laboratory results before pleading guilty, or if his attorney had challenged the chain of custody of the evidence. The court found that Booth's attorney received the discovery

materials that were available at the time of the change of plea hearing and Booth presented no evidence showing a probable different result had a formal demand for discovery under N.D.R.Crim.P. 16 been made. Regarding Booth's claim of lack of discussions with his attorney, the court found Booth presented no evidence that his attorney "did not discuss the materials then available with him, and that there would be any reasonable probable different outcome." The court rejected Booth's claim that his attorney should have hired investigators or other persons because he presented no "evidence showing what these persons [would] have been able to provide information about, and no evidence showing any reasonably probable different outcome had such personnel … been hired."

[¶ 12] In its decision, the district court used the ambiguous phrase "reasonably probable different outcome" in finding no prejudice under the second prong of the Strickland test. At a change of plea hearing, the two possible outcomes are entry of a not guilty plea followed by a trial and entry of a guilty plea followed by sentencing. In Thompson v. State, 2016 ND 101, ¶ 7, 879 N.W.2d 93, the defendant argued he was entitled to postconviction relief because he received ineffective assistance of counsel when he pled guilty. In rejecting the defendant's claim, the district court found the defendant "failed to show a reasonable probability a jury would not have returned a guilty verdict had [he] not pled guilty prior to trial." Id. at ¶ 12. Because that is the wrong standard for analyzing ineffectiveness claims in a guilty plea context, we reversed and remanded for the court to "make findings regarding whether a reasonable probability exists that, but for the alleged errors, [the defendant] would not have pled guilty and would have insisted on going to trial." Id. at ¶ 13. Here, the district court did not commit the same

error we reversed in Thompson. In context, the district court's use of "different outcome" refers to the outcome of the plea hearing and we are satisfied that the court below applied the correct standard for Strickland prong two. Where the district court uses an ambiguous expression of the standard we examine the record carefully to ensure the law was properly applied. Everett v. State, 2015 ND 149, ¶ 10, 864 N.W.2d 450 (affirming denial of ineffective assistance claim following guilty plea where district court stated the standard as "showing the probability of a different outcome"). We recognize that at one point in its decision the district court referred to the lack of evidence of "any reasonably probable different outcome even if he had taken the matter to trial." However, as discussed above, the issue was a limitation on the court's sentencing authority that would apply either after a guilty plea or a trial. Thus we interpret this reference to trial as referring to whether any advice about what the court may include in its sentence as having no bearing on whether Booth would be reasonably likely to have made a different decision as to his guilty plea. The district court found that Booth failed to establish a likelihood that he would have insisted on going to trial. The district court's decision could have provided greater clarity in expressing that a reasonable probability of a different outcome means a substantial likelihood that Booth would have rejected the plea bargain and gone to trial. Id. at ¶¶ 9–10. We are satisfied that the court applied the correct standard in this case.

[¶ 13] The district court's determination that Booth failed to establish prejudice resulting from his counsel's allegedly deficient performance is supported by the evidence in the record. When asked about a reasonably probable different outcome during the hearing, Booth testified:

A.   If they would have done everything right I wouldn't be in this courtroom right now. I would be free on the streets, and one less felony. That's for sure.

Q.   And why is that an objectively reasonable outcome? Why is that reasonably probable?

A.   Why is it probable?

Q.   Exactly.

A.   It's not probable. It's fact.

. . . .

A.   . . . a motion for discovery, a motion to suppress, a motion to see these lab tests. It all would have been different. I would have never been found guilty of this.

Booth has offered nothing but subjective speculation and self-serving statements that he would not have pled guilty and would have insisted on going to trial. See Bahtiraj, 2013 ND 240, ¶ 16, 840 N.W.2d 605. Moreover, this Court previously determined that Booth's guilty plea was voluntary. See Booth, 2015 ND 59, ¶¶ 7–8, 861 N.W.2d 160. We have held that a defendant who pleads "guilty knowingly and voluntarily . . . cannot show in what manner actual prejudice resulted from his trial counsel's failure to investigate more thoroughly or to move to suppress specific evidence." Damron v. State, 2003 ND 102, ¶ 18, 663 N.W.2d 650; see also Greywind, 2004 ND 213, ¶¶ 15–16, 689 N.W.2d 390.

▮▮  [¶ 14] Booth argues the district court's analysis was flawed because the court "picked the claims piece by piece to illustrate the Appellant's failure to satisfy each claim," rather than consider "the totality of the circumstances." However, the mere number of alleged errors is not in itself the measure for relief, and where asserted errors are not errors or, if they were error, they were not unfairly prejudicial, the cumulative effect of those alleged errors generally does not require reversal unless the errors are intertwined and interrelated. See State v. Parisien, 2005 ND 152, ¶ 22, 703 N.W.2d 306; State v. Ebach, 1999 ND 5, ¶ 16, 589 N.W.2d 566; State v. Sievers, 543 N.W.2d 491, 498 (N.D. 1996). While courts have recognized that numerous nonprejudicial attorney deficiencies may in some circumstances cumulatively cause prejudice, see, e.g., People v. Kipp, 18 Cal.4th 349, 75 Cal.Rptr.2d 716, 956 P.2d 1169, 1190 (1998); Cirincione v. State, 119 Md.App. 471, 705 A.2d 96, 113 (1998), that is not the case here. Booth voluntarily pled guilty, and the court determined Booth failed to establish prejudice from any of his attorney's alleged deficiencies. Having considered the totality of the circumstances, we conclude Booth's claims neither singly nor cumulatively establish prejudice.

[¶ 15] We do not consider the arguments first raised during oral argument in this case because they were not raised in the district court or in Booth's appellate brief. See State v. Mackey, 2011 ND 203, ¶ 17, 805 N.W.2d 98. We conclude Booth failed to show that he was prejudiced by his attorney's alleged deficiencies and, therefore, he failed to establish ineffective assistance of counsel. The district court did not err in dismissing Booth's application for postconviction relief.

III

[¶ 16] The judgment is affirmed.

[¶ 17] Jerod E. Tufte

Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.