Per Curiam.
 

 [¶1] Jason Oien appeals from a district court judgment denying his application for post-conviction relief. Oien pled guilty to manslaughter and two counts of criminal conspiracy and was sentenced. He subsequently applied for post-conviction relief. The district court held an evidentiary hearing and denied his request for relief. On appeal, Oien argues the district court erred in denying his post-conviction relief application because his trial counsel was ineffective and "convinced him into agreeing to an Alford Hearing and not going to trial." We conclude the district court's finding that Oien's counsel's representation did not fall below an objective standard of reasonableness is not clearly erroneous. We summarily affirm under N.D.R.App.P. 35.1(a)(2) and (7).
 
 See
 

 Booth v. State
 
 ,
 
 2017 ND 97
 
 , ¶ 8,
 
 893 N.W.2d 186
 
 (citation omitted) ("Courts need not address both prongs of the
 
 Strickland
 
 test, and if a court can resolve the case by addressing only one prong it is encouraged to do so.").
 

 [¶2] Gerald W. VandeWalle, C.J.
 

 Jon J. Jensen
 

 Lisa Fair McEvers
 

 Daniel J. Crothers
 

 Jerod E. Tufte