# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2020 ND 68

State of North Dakota,                                          Plaintiff and Appellee

v.

Alex Kenny Eggleston,                                    Defendant and Appellant

No. 20190214

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Joshua  B. Rustad, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Jensen, Chief Justice.

Nathan K. Madden, Williston, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant appellant.

**Jensen, Chief Justice.**

[¶1]   Alex Eggleston appeals from the district court's amended judgment entered following a jury verdict finding him guilty of murder and possession of a firearm by a convicted felon.  Eggleston argues there was insufficient evidence for the jury to find him guilty of murder.  Eggleston also contends his sentence is illegal because N.D.C.C. § 12.1-32-09.1 and N.D. Sup. Ct. Admin. R. 51, which apply to his sentencing, are unconstitutionally vague, and because the district court improperly calculated his life expectancy.  We affirm the district court's amended judgment in part, reverse in part, and remand for recalculation of Eggleston's life expectancy.

I

[¶2]   On July 17, 2017, the State charged Eggleston with the crime of murder, a Class AA felony, in violation of N.D.C.C. § 12.1-16-01(1), and possession of a firearm by a convicted felon, a Class C felony, in violation of N.D.C.C. § 62.1-02-01.  A jury trial was held on December 17, 2018.

[¶3]   During the trial, the State offered the testimony of a witness who observed Eggleston display a pistol and shortly thereafter discharge the weapon.  The witness also testified Eggleston discharged the weapon several additional times as the victim began walking away.  An autopsy of the victim revealed there were two gunshot wounds in the victim's mid-back, one of which was fatal.

[¶4]   At the close of the State's case, Eggleston moved for a judgment of acquittal under N.D.R.Crim.P. 29.  The district court denied Eggleston's motion, finding there was substantial evidence upon which a reasonable mind could find guilt beyond a reasonable doubt.  The jury subsequently found Eggleston guilty of both charges.

[¶5]   On June 28, 2018, the district court sentenced Eggleston to life with the possibility of parole. On July 27, 2018, the State moved to correct the sentence

to include a calculation of Eggleston's remaining life expectancy as required under N.D.C.C. § 12.1-32-09.1. The court amended the judgment after calculating Eggleston's remaining life expectancy to be 47.9 years using a 2017 version of the life expectancy tables.

II

[¶6] Eggleston challenges the sufficiency of the evidence offered by the State to support the convictions. First, he asserts the district court abused its discretion in denying his motion for a judgment of acquittal by applying the wrong legal standard. Second, he argues the State provided insufficient evidence to allow the jury to find that he did not act in self-defense.

[¶7] Following the close of the prosecution's evidence or at the close of all evidence, the court may enter a judgment of acquittal if "the evidence is insufficient to sustain a conviction." N.D.R.Crim.P. 29(a). When considering a defendant's motion for a judgment of acquittal, the district court must "deny the motion if there is substantial evidence upon which a reasonable mind could find guilt beyond a reasonable doubt." *State v. McAllister*, 2020 ND 48, ¶ 29 (quoting *State v. Hafner*, 1998 ND 220, ¶ 21, 587 N.W.2d 177). A court's decision on a Rule 29 motion for a judgment of acquittal is reviewed for an abuse of discretion. *Id.* "Before granting a motion for [a judgment of] acquittal, the court must find the evidence is insufficient to sustain a conviction." *State v. Gunn*, 2018 ND 95, ¶ 6, 909 N.W.2d 701, *cert. denied*, 139 S.Ct. 231, (2018). A district court abuses its discretion in denying a motion under Rule 29 if the evidence is insufficient to sustain a conviction. *State v. Gonzalez*, 2000 ND 32, ¶ 20, 606 N.W.2d 873. "In reviewing challenges to the sufficiency of the evidence on appeal, the defendant 'bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict.'" *State v. Rai*, 2019 ND 71, ¶ 13, 924 N.W.2d 410 (quoting *State v. Truelove*, 2017 ND 283, ¶ 7, 904 N.W.2d 342).

[¶8] Eggleston argues the district court applied an improper standard in considering his motion for a judgment of acquittal. Specifically, he asserts the following statement by the court was an incorrect statement of the law: "when ruling on that motion, we must first assume the truth of what -- of the evidence

2

that's been presented by the State and determine whether a reasonable person could conclude that the elements have been established beyond a reasonable doubt." Eggleston contends this is contrary to our case law holding that when considering whether there was sufficient evidence for the conviction the evidence is viewed "in the light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor." *State v. Kringstad*, 353 N.W.2d 302, 306 (N.D. 1984). He argues the requirement to "assume the truth" of the State's evidence could lead to absurd results. He provides the example of the court having to "assume the truth" of testimony from a witness for the State who testifies an event did not occur even though a video offered during the cross-examination of the witness shows the event occurred.

[¶9] On appeal, Eggleston "bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict." *State v. Rai*, 2019 ND 71, at ¶ 13. In determining whether Eggleston has met his burden this Court "view[s] the evidence and all reasonable inferences that may be drawn therefrom in the light most favorable to the verdict to decide whether a reasonable fact finder could have found the defendant guilty beyond a reasonable doubt." *State v. Wangstad*, 2018 ND 217, ¶ 23, 917 N.W.2d 515 (quoting *State v. Carlson*, 1997 ND 7, ¶ 51, 559 N.W.2d 802). "When the verdict is attacked and the evidence is legally sufficient to sustain the verdict, we will not disturb the verdict and judgment even though the trial included conflicting evidence and testimony." *State v. Friesz*, 2017 ND 177, ¶ 34, 898 N.W.2d 688 (quoting *State v. Romero*, 2013 ND 77, ¶ 24, 830 N.W.2d 586).

[¶10] Eggleston was observed pulling out a pistol and discharging the weapon. He was observed shooting toward the victim after the victim had turned and started to walk away. The autopsy revealed that one of the two shots striking the victim in the back was a fatal wound. The jury instruction required the jury to find the following essential elements to convict Eggleston of the offense of murder: That on or about July 14, 2017, in Williams County, North Dakota, Eggleston intentionally or knowingly caused the death of the victim, and Eggleston did not act in self-defense. While there may be contradictory facts,

applying our standard of review on appeal, we conclude the evidence was legally sufficient to sustain the verdict.

[¶11] Eggleston also contends the evidence is insufficient to prove, beyond a reasonable doubt, he was not acting in self-defense. He argues the State's witness testimony contradicts the forensic evidence on the timing of the shots and location of the bullets. However, the evidence presented at trial included evidence the victim's death was the result of Eggleston shooting the victim in the back while the victim was walking away. Reviewing the evidence in the light most favorable to the verdict, and recognizing there may be contradictory facts, we conclude the evidence was sufficient for a reasonable fact finder to determine Eggleston was not acting in self-defense.

III

[¶12] On appeal, Eggleston argues the interplay between N.D.C.C. § 12.1-32-09.1 and N.D. Sup. Ct. Admin. R. 51 in sentencing renders N.D.C.C. § 12.1-32-09.1 unconstitutionally vague and results in a violation of due process. Within his argument he also asserts the district court erred by applying a 2017 life expectancy table rather than the 2002 life expectancy table as required in N.D. Sup. Ct. Admin. R. 51.

[¶13] Although Eggleston did not raise a challenge to the sentencing in the district court during his sentencing hearing or through a post-sentencing motion under N.D.R.Crim.P. 35(a), "we address the claim because an objection is unnecessary to preserve a claim of illegal sentence imposed in a criminal judgment from which an appeal may be immediately taken." *State v. Thomas*, 2020 ND 30, ¶ 16, 938 N.W.2d 897. A sentence is illegal if it exceeds a statutory provision or in some other way is contrary to an applicable statute. *State v. Abdiwali Mohamud*, 2019 ND 101, ¶ 20, 925 N.W.2d 396 (citing *State v. Booth*, 2015 ND 59, ¶ 4, 861 N.W.2d 160).

[¶14] Eggleston was convicted of murder under N.D.C.C. § 12.1-16-01(1) and his eligibility for parole is subject to N.D.C.C. § 12.1-32-09.1, which provides, in part, as follows:

4

2. In the case of an offender who is sentenced to a term of life imprisonment with opportunity for parole under subsection 1 of section 12.1-32-01, the term "sentence imposed" means the remaining life expectancy of the offender on the date of sentencing. The remaining life expectancy of the offender must be calculated on the date of sentencing, computed by reference to a recognized mortality table as established by rule by the supreme court.

[¶15] The recognized mortality table referenced in N.D.C.C. § 12.1-32-09.1(2) for computing the life expectancy of an offender is established in N.D. Sup. Ct. Admin. R. Rule 51. Rule 51 provides, in part, as follows: "the trial court shall compute the remaining life expectancy of the offender by reference to *Table A* (Expectation of life by age, race, and sex) of the *United States Life Tables*, 2002, included in the *National Vital Statistics Reports* prepared by the National Center for Health Statistics (Center for Disease Control and Prevention)."

[¶16] As part of the sentencing process, the district court referenced a 2017 life expectancy table to compute Eggleston's life expectancy. Administrative Rule 51 has not been modified since its effective date of February 9, 2005, and continues to require the court to compute Eggleston's remaining life expectancy by using the 2002 life expectancy table. We agree with Eggleston the use of the 2017 life expectancy table was contrary to Rule 51. We remand this case to the district court for recalculation of Eggleston's life expectancy consistent with the life expectancy table referenced within Rule 51.

[¶17] Eggleston's constitutional challenge to his sentence was not presented to the district court. Generally, "issues not raised at trial will not be addressed on appeal unless the alleged error rises to the level of obvious error under N.D.R.Crim.P. 52(b)." *State v. Pemberton*, 2019 ND 157, ¶ 8, 930 N.W.2d 125 (quoting *State v. Lott*, 2019 ND 18, ¶ 8, 921 N.W.2d 428). In light of our remand for recalculation of Eggleston's life expectancy, and the court's lack of an opportunity to address the issue, we decline to reach his constitutional challenge on this appeal.

## IV

[¶18] The district court did not err in dismissing Eggleston's motion for an acquittal because there was sufficient evidence for the jury to convict Eggleston of murder and for the jury to conclude he was not acting in self-defense. We affirm the district court's judgment of conviction. The district court referenced an incorrect life table to compute Eggleston's remaining life expectancy, we reverse the district court's amended judgment, and remand to the district court for a proper computation of Eggleston's remaining life expectancy consistent with N.D. Sup. Ct. Admin. R. 51.

[¶19] Jon J. Jensen, C.J.
        Jerod E. Tufte
        Daniel J. Crothers
        Lisa Fair McEvers
        Gerald W. VandeWalle