# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2020 ND 134

Jason Wayne Oien,                                                    Petitioner and Appellant

v.

State of North Dakota,                                              Respondent and Appellee

No. 20200030

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Thomas R. Olson, Judge.

AFFIRMED.

Per Curiam.

Laura C. Ringsak, Bismarck, ND, for petitioner and appellant; submitted on brief.

Reid A. Brady, Assistant State's Attorney, Fargo, ND, for respondent and appellee; submitted on brief.

# Oien v. State
## No. 20200030

## Per Curiam.

[¶1] Jason Wayne Oien appeals from an order dismissing his application for post-conviction relief. Oien pleaded guilty to one count of manslaughter, in violation of N.D.C.C. § 12.1-16-02, and three counts of criminal conspiracy to commit aggravated assault, in violation of N.D.C.C. § 12.1-06-04.

[¶2] On September 21, 2017, Oien filed a post-conviction relief application, claiming he received ineffective assistance of counsel. Oien alleged that he would not have pleaded guilty if counsel had advised him of the habitual offender status. The court denied Oien's application. The district court determined that Oien's trial counsel were not ineffective or otherwise defective, finding counsels' representation of Oien did not fall below an objective standard of reasonableness, and finding Oien did not suffer any prejudice. We summarily affirmed the court's denial of the application. *Oien v. State*, 2018 ND 150, ¶ 1, 913 N.W.2d 770.

[¶3] On June 24, 2019, Oien filed a second application for post-conviction relief, alleging ineffective assistance of counsel on the same grounds as his original application. Oien repeated his claim that counsel did not advise him of the habitual offender status, but expanded his argument to include the assertion that even if his counsel did advise him of the habitual offender status, his ability to comprehend counsel's advice was compromised by his use of medication. The district court denied Oien's second application, finding that Oien previously filed an application for post-conviction relief where the court ruled on issues involving the guilty pleas.

[¶4] We summarily affirm the district court's order under N.D.R.App.P. 35.1(a)(2) and (7). The court did not err in dismissing Oien's petition barred by misuse of process under N.D.C.C. § 29-32.1-12(2)(a). "Post-conviction proceedings are not intended to allow defendants multiple opportunities to raise the same or similar issues, and defendants who inexcusably fail to raise all of their claims in a single post-conviction proceeding misuse the post-

1

conviction process by initiating a subsequent application raising issues that could have been raised in the earlier proceeding." *State v. Atkins*, 2019 ND 145, ¶ 12, 928 N.W.2d 441 (quoting *Steen v. State*, 2007 ND 123, ¶ 13, 736 N.W.2d 457).

[¶5]   Jon J. Jensen, C.J.
       Lisa Fair McEvers
       Daniel J. Crothers
       Gerald W. VandeWalle
       Jerod E. Tufte