FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
NOVEMBER 19, 2020
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 248

State of North Dakota,                                 Plaintiff and Appellee

v.

Marcus Delon Polk,                                 Defendant and Appellant

## No. 20200108

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Frank L. Racek, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Renata J. O. Selzer, Assistant State's Attorney, Fargo, N.D., for plaintiff and appellee.

Monty G. Mertz, Fargo, N.D., for defendant and appellant.

# State v. Polk
## No. 20200108

**VandeWalle, Justice.**

[¶1]   Marcus Delon Polk appealed from a criminal judgment convicting him of aggravated assault following a jury trial. We conclude sufficient evidence of serious bodily injury supports Polk's conviction for aggravated assault. We further conclude the trial court did not abuse its discretion when it excluded testimony from three Fargo police officers. We affirm.

I

[¶2]   Polk and the victim had been in an intermittent romantic relationship since approximately 1998. Around July 13, 2019, an altercation occurred at the victim's residence between her and Polk. The victim testified that while she was sleeping Polk hit her more than three times in the head with his fist. The victim also testified that he then cussed at her, stormed out of her bedroom, and then came back and strangled her.

[¶3]   Fargo police officers responded to the victim's home two days later to conduct a welfare check. The victim had bruising around her neck and said she had a head injury. An officer called for an ambulance and asked Polk about the victim's bruising. Polk indicated the victim drinks a lot, falls, and has seizures. Polk was arrested and charged with aggravated assault-domestic violence, terrorizing-domestic violence, and violation of an order prohibiting contact.

[¶4]   At trial, the victim testified that Polk strangled her, and her emergency room doctor testified the victim's injuries could be consistent with strangulation. Additionally, the State introduced pictures of the victim in the hospital showing bruising around her neck. Polk sought to introduce three Fargo police officers' testimony concerning previous reports by the victim to impeach the victim as a witness. The State objected, and the court sustained the objection.

[¶5]   The jury found Polk guilty on the aggravated assault and no-contact order charges. After trial, Polk made a motion for judgment of acquittal. Polk

1

argued the evidence was insufficient to show the "serious bodily injury" requirement for aggravated assault. The court denied the motion.

II

[¶6]   On appeal, Polk argues the evidence at trial was insufficient to support a conviction for aggravated assault. Under N.D.R.Crim.P. 29(a) a court may enter a judgment of acquittal if "the evidence is insufficient to sustain a conviction." *State v. Eggleston*, 2020 ND 68, ¶ 7, 940 N.W.2d 645 (quoting N.D.R.Crim.P. 29(a)).

> [T]he district court must deny the motion if there is substantial evidence upon which a reasonable mind could find guilt beyond a reasonable doubt. A court's decision on a Rule 29 motion for a judgment of acquittal is reviewed for an abuse of discretion. . . . A district court abuses its discretion in denying a motion under Rule 29 if the evidence is insufficient to sustain a conviction. In reviewing challenges to the sufficiency of the evidence on appeal, the defendant bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict.

*Id.* (internal citations and quotation marks omitted).

[¶7]   Section 12.1-17-02(1)(a), N.D.C.C., provides that willfully causing serious bodily injury to another human is a class C felony. "Serious bodily injury" is defined as "bodily injury that creates a substantial risk of death or which causes serious permanent disfigurement, unconsciousness, extreme pain, permanent loss or impairment of the function of any bodily member or organ, a bone fracture, or *impediment of air flow or blood flow to the brain or lungs*." N.D.C.C. § 12.1-01-04(27) (emphasis added).

[¶8]   This Court has held "uncorroborated testimony of a rape victim is sufficient to establish all of the elements of the crime." *State v. Kringstad*, 353 N.W.2d 302, 306 (N.D. 1984). The Eighth Circuit Court of Appeals has held, "It is well established that the uncorroborated testimony of a single witness may be sufficient to sustain a conviction." *United States v. L.B.G.*, 131 F.3d 1276, 1278 (8th Cir. 1997) (quoting *United States v. Dodge*, 538 F.2d 770, 783

(8th Cir. 1976)). A victim's testimony alone is sufficient to establish all the elements of a crime. *See L.B.G.*, at 1278.

[¶9]   Here, the victim testified that Polk strangled her. Her testimony alone is sufficient to sustain Polk's conviction. Additionally, the State introduced pictures of the victim showing bruising around her neck, and the emergency room doctor testified the bruising could have been caused by strangulation. Sufficient evidence exists to sustain Polk's conviction for aggravated assault. Therefore, Polk did not meet his burden to show the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict.

## III

[¶10] Polk also argues the trial court abused its discretion by excluding the testimony of three witnesses as impermissible character evidence. "The district court exercises broad discretion in determining whether to admit or exclude evidence, and its determination will be reversed on appeal only for an abuse of discretion." *State v. Doppler*, 2013 ND 54, ¶ 7, 828 N.W.2d 502 (quoting *State v. Chisholm*, 2012 ND 147, ¶ 10, 818 N.W.2d 707). "A district court abuses its discretion in evidentiary rulings when it acts arbitrarily, capriciously, or unreasonably, or it misinterprets or misapplies the law." *Id.* (quoting *Chisholm*, at ¶ 10).

[¶11] Rule 607, N.D.R.Ev., allows either party to impeach a witness. Rule 608(a), N.D.R.Ev., allows a witness's credibility to be attacked through testimony of the witness's reputation for truthfulness or untruthfulness. The rule also allows opinion testimony concerning a witness's character. N.D.R.Ev. 608(a). However, the admissibility of specific instances of conduct for impeachment is established by Rule 608(b), N.D.R.Ev. The rule states,

> (b) Specific Instances of Conduct. Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, *on cross-examination*, allow them to be inquired into if they

3

are probative of the character for truthfulness or untruthfulness of:

> (1) the witness; or
> (2) another witness whose character the witness being cross-examined has testified about.

*Id.* (emphasis added). Specific instances of conduct, excluding criminal convictions under Rule 609, must be inquired into only on cross-examination for impeachment purposes. *Id.*

[¶12] At trial, Polk sought to attack the victim's credibility as a witness. Polk attempted to introduce the testimony of three police officers concerning four specific instances when the victim claimed Polk "hit her, strangled her, and threatened to kill her." Polk suggested in those instances the victim was being untruthful because officers could not observe injuries like the victim reported and no legal action was taken.

[¶13] Because Polk did not offer evidence of a criminal conviction to impeach the victim, Rule 609 does not apply. Rule 608(b) precludes Polk from introducing the testimony of the police officers on direct examination. If Polk wanted to introduce evidence of the victim's previous claims, he needed to ask the victim about them on cross-examination under Rule 608(b). Therefore, the trial court did not abuse its discretion when it excluded the testimony of the three police officers as impermissible character evidence.

IV

[¶14] We affirm the criminal judgment.

[¶15] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte

4