# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2021 ND 185

State of North Dakota,                                    Plaintiff and Appellee

    v.

Alfredo Deleon, Jr.,                                    Defendant and Appellant

### No. 20210018

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Todd L. Cresap, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice, in which Chief Justice Jensen, Justices Crothers, McEvers, and Tufte joined. Chief Justice Jensen filed an opinion concurring.

John M. Gonzalez, Assistant State's Attorney, Minot, ND, for plaintiff and appellee.

Samuel A. Gereszek, Grand Forks, ND for defendant and appellant.

**VandeWalle, Justice.**

[¶1]   Alfredo Deleon, Jr. appealed from a criminal judgment convicting him of possession of certain materials prohibited. We conclude sufficient evidence exists to support Deleon's conviction. We affirm the criminal judgment.

I

[¶2]   In February 2020, Deleon was charged with one count gross sexual imposition and one count possession of certain materials prohibited. After a three day jury trial, the jury found Deleon not guilty of gross sexual imposition and guilty of possession of certain materials prohibited.

[¶3]   Deleon met the victim, Jane Doe, at her place of employment. Deleon and Doe exchanged phone numbers to discuss potential babysitting. Shortly after, Deleon and Doe began intimate discussions leading Doe to send Deleon a sexually explicit photograph. At trial, Doe testified that she was 14 years old at the time she sent the photograph.

II

[¶4]   On appeal, Deleon argues the evidence at trial was insufficient to support a conviction for possession of certain materials prohibited.

[¶5]   Under N.D.R.Crim.P. 29(a) a district court may enter a judgment of acquittal if "the evidence is insufficient to sustain a conviction." *State v. Eggleston*, 2020 ND 68, ¶ 7, 940 N.W.2d 645 (quoting N.D.R.Crim.P. 29(a)).

> [T]he district court must deny the motion if there is substantial evidence upon which a reasonable mind could find guilt beyond a reasonable doubt. A court's decision on a Rule 29 motion for a judgment of acquittal is reviewed for an abuse of discretion. . . . A district court abuses its discretion in denying a motion under Rule 29 if the evidence is insufficient to sustain a conviction. In reviewing challenges to the sufficiency of the evidence on appeal, the defendant bears the burden of showing the evidence reveals no

reasonable inference of guilt when viewed in the light most favorable to the verdict.

*State v. Polk*, 2020 ND 248, ¶ 6, 950 N.W.2d 764 (quoting *Eggleston*, at ¶ 7).

[¶6]   Section 12.1-27.2-04.1, N.D.C.C., provides that a person is guilty of possession of certain materials prohibited if, "knowing of its character and content, that person knowingly possesses any motion picture, photograph, or other visual representation that includes sexual conduct by a minor." Sexual conduct is defined, in relevant part, as "[l]ewd exhibition of the buttocks, breasts, or genitals." *Id*. § 12.1-27.2-01(4)(f). In determining the age of a minor:

> [T]he trier of fact may base its determination on personal inspection of the minor, inspection of a photograph or motion picture of the sexual performance, testimony by a witness to the sexual performance as to the age of the minor based upon the minor's appearance, expert testimony based upon the appearance of the minor in the sexual performance, or any other method authorized by law or by rule.

N.D.C.C. § 12.1-27.2-06; *State v. White*, 2017 ND 51, ¶ 19, 890 N.W.2d 825.

[¶7]   Deleon argues the State had the burden to prove that he knew the photos he possessed were of a minor.

[¶8]   The State presented testimony of Jane Doe, her father, and two investigating officers. Doe testified that she was 14 years old when she sent a picture to Deleon that showed her breasts. The father testified that he called Deleon and told him that Doe was only 14 years old and requested him to meet him at the police station. A Minot Police officer testified that Deleon consented to a search of his cell phone at the police station. While conducting the search, the officer observed a photograph of Jane Doe where she was nude from the waist up. A detective testified that during her investigation she observed several photographs of Jane Doe on Deleon's cell phone and one specific photograph showed Jane Doe topless.

2

[¶9]   Viewed in the light most favorable to the verdict, the evidence presented at trial was sufficient for the jury to find Deleon guilty of possession of certain materials prohibited.

## III

[¶10] We affirm the criminal judgment.

[¶11] Jon J. Jensen, C.J.
        Gerald W. VandeWalle
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte

**Jensen, Chief Justice, concurring.**

[¶12] I agree with and have joined the majority opinion. I write separately, however, to express my concern regarding the level of culpability required for the prohibited possession of materials identified under N.D.C.C. § 12.1-27.2-04.1. As stated in the majority, N.D.C.C. § 12.1-27.2-04.1 provides:

> A person is guilty of a class C felony if, *knowing* of its character and content, that person *knowingly* possesses any motion picture, photograph, or other visual representation that includes sexual conduct by a minor.

(Emphasis added.) This statute plainly contemplates the identified prohibited materials must be "knowingly" possessed in order for there to be a criminal violation. Section 12.1-02-02(1)(b), N.D.C.C., defines "knowingly" for purposes of Title 12.1, and provides that "a person engages in conduct . . . '[k]nowingly' if, when he engages in the conduct, he knows or has a firm belief, unaccompanied by substantial doubt, that he is doing so, *whether or not it is his purpose to do so*." In the context of "knowing" possession under N.D.C.C. § 12.1-27.2-04.1, this definition may effectively create a strict liability offense.

[¶13] When read in conjunction with N.D.C.C. § 12.1-27.2-04.1, this definition of "knowingly" provides that a person may violate the statute, even when the person's possession of the material was not intentional, *i.e.*, not the person's

purpose to do so. *Compare* N.D.C.C. § 12.1-02-02(1)(b) (defining "knowingly"), *with* N.D.C.C. § 12.1-02-02(1)(a) ("[A] person engages in conduct . . . '[i]ntentionally' if, when he engages in the conduct, it is his purpose to do so."). In other words, a person may violate the statute even when the initial possession of the prohibited material occurs unintentionally, or is uninvited, unsolicited, or involuntary. When considering the evolution of modern communication technology, this scenario is not so farfetched.

[¶14] When N.D.C.C. § 12.1-27.2-04.1 was enacted in 1989, *see* 1989 N.D. Sess. Laws ch. 169, § 7, the manner in which a person came into possession of the identified prohibited material was, perhaps, more likely to be analog than digital—less likely to involve computer technology. When considering current communication technology, it is not difficult to conceive of situations in which a person receives and possesses an unsolicited or nefarious email or text attaching images or files containing such material, or situations in which a browser visiting a website downloads such material onto a person's computer. Courts have already acknowledged the "serious issues" of unknowing or inadvertent possession in such circumstances. *See, e.g., United States v. Hensley*, 982 F.3d 1147, 1157 (8th Cir. 2020), *petition for cert. filed*, (U.S. Sep. 8, 2021) (No. 21-5599) (quoting *United States v. Kain*, 589 F.3d 945, 949 (8th Cir. 2009)) ("Although 'the location of child pornography in inaccessible internet and orphan files can raise serious issues of inadvertent or unknowing possession . . . these are issues of fact, not of law.'").

[¶15] Under N.D.C.C. § 12.1-27.2-04.1, the initial receipt and possession of the prohibited material may be unsolicited, uninvited, or involuntary; however, once the recipient discovers or becomes aware—knows—of the "character and content" of the prohibited material in that person's possession, regardless of whether it was the person's "purpose to do so," the person would be violating the statute. If the person subsequently goes to law enforcement to report the prohibited material the person "knowingly possesses," that person may ultimately be relying on the discretion of law enforcement or the state's attorney not to bring charges under the statute. While a person with no prior criminal background may receive the benefit of the doubt in the exercise of such discretion, a person with prior criminal convictions, particularly of a

4

sexual nature, may not receive the benefit of such discretion. Similarly, an individual who immediately deletes an inadvertently received or unsolicited email containing prohibited material is likely to still be in possession of those materials and potentially subject to prosecution.

[¶16] While not specifically at issue in this case, I nonetheless encourage the Legislature to examine the level of culpability for the possession of the prohibited materials under N.D.C.C. § 12.1-27.2-04.1, in the context of current technologies, and to provide exceptions for when a person's receipt and initial possession of the identified material was unintentional, *i.e.*, not the person's purpose to do so, if the individual makes an immediate attempt to terminate their possession of the prohibited material.

[¶17] Jon J. Jensen, C.J.