# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2024 ND 106

State of North Dakota,                                    Plaintiff and Appellee

   v.

Joshua Michael Scully,                              Defendant and Appellant

### No. 20240018

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Constance L. Cleveland, Judge.

AFFIRMED.

Per Curiam.

Derek K. Steiner, Assistant State's Attorney, and Sarah Belliston, under the Rule on Limited Practice of Law by Law Students, Fargo, ND, for plaintiff and appellee; submitted on brief.

Samuel A. Gereszek, Grand Forks, ND, for defendant and appellant; submitted on brief.

**State v. Scully**
**No. 20240018**

**Per Curiam.**

[¶1]    Joshua Scully appeals from a criminal judgment entered after a jury found him guilty of conspiracy to possess with intent to manufacture or deliver methamphetamine and unlawful possession of drug paraphernalia. He argues the district court erred when it admitted text messages because they constituted improper character evidence. He further argues there was insufficient evidence for a conviction.

[¶2]    We conclude the district court did not abuse its discretion admitting the evidence because the text messages constitute direct evidence of the crimes alleged by the State. *See State v. Salou*, 2024 ND 6, ¶ 7, 1 N.W.3d 602 (admission of evidence is reviewed for an abuse of discretion); *State v. Dargbeh*, 2022 ND 3, ¶ 9, 969 N.W.2d 144 ("Rule 404(b) only excludes evidence of other acts and crimes committed by the defendant when they are *independent* of the charged crime." (quoting *State v. Christensen*, 1997 ND 57, ¶ 8, 561 N.W.2d 631)). We further conclude, based on our review of the record, the verdict is supported by substantial evidence. *See State v. Grant*, 2023 ND 62, ¶ 18, 988 N.W.2d 563 ("In reviewing challenges to the sufficiency of the evidence on appeal, the defendant 'bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict.'" (quoting *State v. Eggleston*, 2020 ND 68, ¶ 7, 940 N.W.2d 645)). We summarily affirm under N.D.R.App.P. 35.1(a)(3) and (4).

[¶3]    Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr

1